UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60796-LEIBOWITZ/AUGUSTIN-BIRCH

MARK EDWARD BOCK,

    Plaintiff,

v.

FIRSTLINE SECURITY, LLC, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO APPROVE SETTLEMENT

This cause comes before the Court on Plaintiff Mark Edward Bock's Motion to Approve Settlement. DE 6. Defendants Firstline Security, LLC d/b/a First Line Security, Anthony Medina, Luis A. Medina, Jr., and Kevin D. Medina filed a notice to join the Motion to Approve Settlement. DE 7. Plaintiff filed a supplement to the Motion to Approve Settlement. DE 10.

The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Approve Settlement to the undersigned United States Magistrate Judge. DE 8. The Court has carefully considered the Motion to Approve Settlement and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Motion to Approve Settlement be **GRANTED**.

Plaintiff filed this action against Defendants, his former employers, alleging that they violated the Fair Labor Standards Act ("FLSA") by failing to pay full overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $2,500, with half of the amount representing wages and half of the amount representing liquidated damages. DE 6-1 at 1. Plaintiff's counsel will receive $5,200 for fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

Plaintiff applies the *Leverso* factors to the facts of this case in the Motion to Approve Settlement. In summary, he states that all parties are represented by counsel experienced in handling FLSA claims and that they negotiated their settlement in good faith without any fraud or collusion. DE 6 at 4. Continued litigation could have been extensive and protracted, with costs exceeding Plaintiff's likely recovery. *Id.* at 4–5. Settling conserves the parties' and the Court's resources. *Id.* at 5. Before settling, the parties exchanged sufficient information to enable them to analyze the case and reach an informed resolution. *Id.* They continue to dispute factual and legal issues, and the result of the litigation was uncertain. *Id.* at 5–6. Counsel agree that the settlement is fair and reasonable. *Id.* at 6.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for only three months before Plaintiff filed the Motion to Approve Settlement. The parties reached their settlement before meaningful discovery likely began and before any mediation, settlement conference, or substantive motion practice. The early settlement avoided additional accumulation of fees and costs. Both parties had the assistance

of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Settlement Agreement contains a mutual general release. DE 6-1 at 1. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, however, all parties are represented by counsel experienced in handling FLSA claims, and counsel believe that the settlement is fair and reasonable in its entirety. Under these circumstances, the Court concludes that the mutual general release is fair and reasonable.

The Settlement Agreement contains a clause requiring the parties' mutual confidentiality. DE 6-1 at 2. Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed in the record and publicly available, the Court finds the confidentiality clause reasonable. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $5,200 for fees and costs under the Settlement Agreement. DE 6-1 at 1. Counsel filed a copy of his billing statement for this case. DE 10-1. The billing statement reflects costs of $637 for the court filing fee and service fees. *Id.* The billing statement further reflects fees of $7,840 incurred for 19.6 hours of work at a rate of $400 per hour. *Id.*

Subtracting the costs from the fee award, the fee award will compensate counsel for $4,563 of the fees he contends he incurred ($5,200 - $637). Accepting counsel's representation that he spent 19.6 hours working on this case, his hourly rate for his work is approximately $233 ($4,563 ÷ 19.6 hours). The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions, such as a mutual non-disparagement clause and a severability clause. DE 6-1 at 2–3. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Motion to Approve Settlement [DE 6] be **GRANTED** and that the Settlement Agreement [DE 6-1] be **APPROVED**. As the parties have conditioned their settlement on retention of jurisdiction [DE 6-1 at 2], the Court recommends that jurisdiction be retained to enforce the terms of the Settlement Agreement. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of September, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE